**Mike BISMAR, M.D., Petitioner,**

v.

**Dorothy A. MOREHEAD, Vaughn R. Morehead and James P. Morehead, III, individually and as Heirs at Law of Gloria Morehead, deceased, Respondents.**

No. 08–0009.

Supreme Court of Texas.

Aug. 29, 2008.

J. Wade Birdwell, James G. Stouffer Jr., Leslie Ann Dillon, Wallach & Andrews P.C., Fort Worth, TX, for Petitioner.

Constance M. Maher, The Maher Law Firm, Arlington, TX, for Respondent.

Kay E. Ellington, Frank Alvarez, Arlene A. Wiese, Hilaree A. Casada, Hermes Sargent Bates, Dallas, for person interested in case.

---

PER CURIAM.

Dorothy A. Morehead, Vaughn R. Morehead, and James P. Morehead, III filed this suit on behalf of Gloria Morehead, deceased, claiming Mike Bismar, M.D. failed to timely diagnose and treat Gloria for shock due to an internal hemorrhage she sustained after a fall in the hospital. The Moreheads served a curriculum vitae and expert report supporting their claim within 120 days of filing, as required by statute. TEX. CIV. PRAC. & REM. CODE § 74.351(a). Dr. Bismar moved for dismissal and attorney's fees on the ground that the expert report was inadequate, but the trial court granted the Moreheads 30 days to cure deficiencies in the report and then denied the motion. *Id.* § 74.351(b), (c).

Dr. Bismar filed a timely interlocutory appeal with the Second Court of Appeals, which dismissed for want of jurisdiction. 2007 WL 4233521. For the reasons stated in *Lewis v. Funderburk*, 253 S.W.3d 204 (Tex.2008), we hold that Dr. Bismar's motion seeking dismissal and fees was a motion pursuant to section 74.351(b), and thus reviewable by interlocutory appeal when the trial court denied it. TEX. CIV. PRAC. & REM. CODE § 51.014(a)(9). The court of appeals erred by concluding otherwise.

Accordingly, we grant the petition for review, and without hearing oral argument, TEX.R.APP. P. 59.1, we reverse the court of appeals' judgment and remand the case to that court to consider the remaining arguments raised by the interlocutory appeal.